UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 14-00103-01 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| MAZDA RASASY | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a *pro se* "Emergency Motion to Effect Early Release" filed by Defendant Mazda Rasasy ("Rasasy"). See Record Document 96. Rasasy seeks early release due to prison conditions and health conditions in light of the COVID-19 pandemic. See id. The Government has opposed Rasasy's motion. See Record Document 100. Rasasy filed a reply. See Record Document 104.

On January 20, 2015, Rasasy pled guilty to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. See Record Documents 48 & 50. Rasasy was sentenced on June 10, 2015 to 120 months imprisonment and 4 years supervised release upon release from confinement. See Record Documents 71-73. He is presently serving his sentence at Oakdale I FCI. His projected release date is September 7, 2025.

In his motion, Rasasy seeks early release to home confinement due to the prison environment during the COVID-19 pandemic and compassionate release due to his pre-existing health concerns, namely asthma and hypertension. See Record Document 96 at 3-5, 6. The Court will examine Rasasy's request as both a request for release to home confinement and a request for compassionate release.

Home Confinement

In his reply, Rasasy references a "Covid home confinement denial" date April 19, 2020. See Record Document 104 at 2; Record Document 104-1 at 1. It appears Rasasy may now be seeking release to home confinement from this Court since his attempt within the BOP was denied. Title 18, United States Code, Section 3624(c)(2) provides that the Bureau of Prison's ("BOP") authority to release a prisoner "may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." Under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. Law 116-136, enacted on March 27, 2020, "if the Attorney General finds that emergency conditions will materially affect" BOP functioning, the BOP Director may "lengthen the maximum amount of time for which [he] is authorized to place a prisoner in home confinement" under Section 3624(c)(2). Pub. L. 116-136, § 12003(b)(2). On April 3, 2020, the Attorney General found such conditions existed, stating "emergency conditions [created by COVID-19] are materially affecting the functioning" of the BOP. See Memorandum from Attorney General William Barr to Director of Bureau of Prisons, Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (April 3, 2020), available at https://www.justice.gov/file/1266661/download (last visited 4/20/2020). Thus, the BOP director now has the authority to grant home confinement to a larger group of prisoners. See id.

Section 3621(b) provides that the BOP "shall designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b). The BOP considers bed availability, the prisoner's security designation, his programmatic needs, his mental and medical health needs, his faith-based needs, recommendations of the sentencing court, other security concerns of

the BOP, and the proximity to his primary residence. See id. "A designation of a place of imprisonment under [Section 3621] is not reviewable by any court." Id. The Fifth Circuit has followed this statutory directive, stating "a prisoner has no liberty interest or right to be housed in any particular facility, and the BOP has wide discretion in designating the place of a prisoner's imprisonment." Siebert v. Chandler, 586 Fed.Appx. 188, 189 (5th Cir. 2014), citing Olim v. Wakinekona, 461 U.S. 238, 244-245, 103 S.Ct. 1741, 1745 (1983) and 18 U.S.C. § 3621(b).

The CARES Act does in fact grant broad discretion to the BOP regarding release to home confinement. However, such decisions still remain exclusively with the BOP. Nothing in the CARES Act changed the statutory authority granted in Section 3621(b) and this Court still lacks the power to order home confinement under the CARES Act. See generally U.S. v. Williams, No. CR 2:12-539, 2020 WL 1940836, at *2 (S.D. Tex. Apr. 22, 2020) ("While the CARES Act allows the BOP Director to lengthen the amount of time a prisoner may be placed in home confinement, nothing in the Act grants individual prisoners the right to serve the remainder of their sentence in home confinement. The BOP still has exclusive authority to determine where a prisoner is housed. 18 U.S.C. § 3621(B)."); U.S. v. Read-Forbes, 2020 WL 1888856, at *5 (D. Kan. Apr. 16, 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision."); U.S. v. Engleson, 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020) (while court can recommend, ultimate decision whether to release inmate to home confinement rests with BOP); U.S. v. Hembry, 2020 WL 1821930, at *2 (N.D. Cal. Apr. 10, 2020); U.S. v. Carter, 2020 WL 1808288, at *2 (S.D. Ind. Apr. 9, 2020); U.S. v. Garza,

2020 WL 1485782, at *1 (S.D. Cal. Mar. 27, 2020).  Rasasy's request for early release to home confinement is **DENIED**.

Compassionate Release

Rasasy seeks compassionate release due to extraordinary and compelling reasons, namely asthma and hypertension.  A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S.Ct. 2683, 2690 (2010).  Title 18, United States Code, Section 3582(c) provides that the court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

(1) upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);

(2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or

(3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

In this case, Rasasy moves to modify his sentence under 18 U.S.C. §§ 3582(c)(1)(A). Under this section, the court may reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).

Prior to 2018 only the Director of the Bureau of Prisons ("BOP") could file Section 3582(c)(1)(A) motions, also known as compassionate release motions.  In 2018, Congress passed and President Trump signed the First Step Act, which among other

actions, amended the compassionate release process. Under the First Step Act, Section 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. However, before filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

(1) prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or

(2) prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3852(c)(1)(A). The administrative exhaustion provision of the First Step Act is set out in mandatory terms and has been characterized by the Fifth Circuit as a mandatory claim-processing rule. See U.S. v. Franco, No. 20-60473, 2020 WL 5249369 at *2 (5th Cir. Sept. 3, 2020) ("The statute's language is mandatory."). The provision permits a court the authority to reduce a defendant's sentence only "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal . . . or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). The statute sets forth no exceptions to this mandatory statutory exhaustion requirement. Recently, the Fifth Circuit held in Franco that "those who seek a motion for compassionate release under the First Step Act must first file a request with the BOP." Franco, 2020 WL 5249369 at *3. Moreover, petitioners such as Rasasy bear the burden of showing that he has exhausted his administrative remedies with the BOP before filing compassionate release motions. See U.S. v. Van Sickle, No. CR18-0250JLR, 2020 WL 2219496, *3 (W.D. Wash. May 7, 2020).

Here, Rasasy asserts exhaustion may be unnecessary where it would be futile. See Record Document 96 at 2.  As noted previously, the futility argument fails because the Fifth Circuit has held that administrative exhaustion is a mandatory claim-processing rule.  Rasasy also states in his motion:

> During the week of April 1, 2020 Movant wrote a request for early release consideration and personally handed it to Associate Warden Stout as rounds were made in Movant's housing unit.  Presently [as of May 8, 2020], administrative staff at Federal Prison Oakdale #1 have not acknowledged receipt to Movant's petitioning.

Id. at 3.  In his reply, Rasasy references a "COVID Home Confinement Denial" and attaches a BOP computer printout:

> Tendered into evidence is a Bureau of Prison computer reading entitled "Inmate Profile" received by Movant on Sept. 3, 2020.  Of note to the pleadings is a line item dated April 19, 2020 which posts "COVID Home Confinement Denial."  (Appendix A).

Record Document 104 at 2; Record Document 104-1 at 1.  Rasasy believes this printout satisfies the minimal exhaustion requirements needed under Section 3582(c)(1) and this Court has jurisdiction to proceed.  See Record Document 104 at 2.

In its May 2020 opposition, the Government noted that it had contacted regional counsel for the BOP and was informed there was no record of Rasasy petitioning FCI Oakdale #1 to be compassionately released via administrative channels.  See Record Document 100 at 1-2.  The only evidence of exhaustion presented by Rasasy, who bears the burden as to exhaustion, is the printout stating his "COVID Home Confinement" request was denied.  See Record Document 10401 at 1.  "Courts have noted that requesting home detention is different in kind from requesting [compassionate] release from the warden, as the BOP exercises authority under different statutes."  U.S. v. Brown, No. CR 13-286, 2020 WL 3292874, at *2 (E.D. La. June 18, 2020), citing U.S. v. Allen,

No. 2:14-cr-024, 2020 WL 2199626, at *1 (S.D. Ga. May 6, 2020) (noting that when a defendant is allowed home confinement due to COVID-19, the BOP utilizes its authority under 18 U.S.C. § 3623(c)(2) and 34 U.S.C. § 60541, not the compassionate release provision of 18 U.S.C. § 3582(c)).  Thus, courts have reasoned that "when a defendant requests only home confinement from the warden—and not release under the compassionate release provisions—he has failed to exhaust his administrative remedies." Brown, 2020 WL 2199626, at *1, citing U.S. v. Black, No. 2:12-cr-263-3, 2020 WL 2213892, at *2 (S.D. Ohio May 7, 2020).  Here, because Rasasy has only presented evidence that he requested release to home confinement under the CARES Act, and not release under the compassionate release statute, he has failed to exhaust his administrative remedies.  See Brown, 2020 WL 2199626, at *1.  This is "a glaring roadblock to his motion for compassionate release" and Rasasy has not met his burden regarding mandatory exhaustion. Id.

Moreover, Rasasy has not shown that he satisfies the other requirements for compassionate release, namely extraordinary and compelling reasons.  Subject to exhaustion and the considerations of 18 U.S.C. § 3553(a), Section 3582(c)(1)(A) would permit a reduction in Rasasy's term of imprisonment if the Court determines that extraordinary and compelling reasons warrant a reduction.  The reduction must be "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  Turning to the Guidelines, U.S.S.G. § 1B1.13 explains that a reduction is authorized when the court, after consideration of the factors set forth in 18 U.S.C. § 3553(a), determines that extraordinary and compelling reasons exist and the defendant is not a danger to the safety of any other person or the community, as provided

in 18 U.S.C. § 3142(g).  The reduction must also be consistent with the policy statements set forth in U.S.S.G. § 1B1.13.  Application Note 1 of the U.S.S.G. § 1B1.13 sets forth what may constitute "extraordinary and compelling" circumstances that would permit a court to grant relief under Section 3582(c)(1)(A):

> (A)    Medical Condition of the Defendant. –
>
>> (i)    The defendant is suffering from a terminal illness (i.e. a serious and advanced illness with an end of lift trajectory).  A specific prognosis of life expectancy (i.e. a probability of death within a specific time period) is not required.  Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>>
>> (ii)   The defendant is –
>>
>>> (I)    suffering from a serious physical or mental condition,
>>>
>>> (II)   suffering from a serious functional or cognitive impairment, or
>>>
>>> (III)  experiencing deteriorating physical or mental health because of the aging process,
>>
>> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B)    Age of the Defendant. – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C)    Family Circumstances. –
>
>> (i)    The death or incapacitation of the caregiver of the defendant's minor child or children.
>>
>> (ii)   The incapacitation of the defendant's spouse or registered partner when the defendant would be the only caregiver for the spouse of registered partner.

> (D) Other Reasons. – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with the reasons described in subdivision (A) through (C).

Under the authority granted to the BOP in U.S.S.G. § 1B1.13 to further specify what it considers "extraordinary and compelling," BOP Program Statement 5050.50[1] lists similar conditions such as terminal illness, advanced age and the death of a spouse or registered partner. BOP's program statement does not depart from the manner in which "extraordinary and compelling" is otherwise defined. U.S. v. Hudec, No. 4:91-1-1, 2020 WL 4925675 (S.D.Tex. 8/19/2020) (noting that Program Statement 5050.50 provides the same bases as U.S.S.G. for a finding of "extraordinary and compelling" reasons for compassionate release).

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." U.S. v. Stowe, No. H-11-803(1), 2019 WL 4673725 at *2 (S.D. Tex. Sept. 25, 2019); see also U.S. v. Ennis, No. EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release."); U.S. v. Wright, No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute."). Here, Rasasy maintains that his asthma and hypertension necessitate compassionate release; yet, he has not provided medical documentation to support his asserted medical conditions and/or to show the severity of his asthma or hypertension. Because he bears the burden of establishing an entitlement to sentence reduction, Rasasy's motion for compassionate

---

[1] Available at https://www.bop.gov/policy/progstat/5050_050_EN.pdf.

release may be denied on this basis alone.  See U.S. v. v. Aguila, No. 2:16-CR-00046-TLN, 2020 WL 1812159, at *2 (E.D. Cal. Apr. 9, 2020); U.S. v. Lotts, No. CR 08-1631 JAP, 2020 WL 835298, at *3 (D.N.M. Feb. 20, 2020).

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that Rasasy's *pro se* "Emergency Motion to Effect Early Release" (Record Document 96) be and is hereby **DENIED WITHOUT PREJUDICE**.  Rasasy may re-file his motion once he has shown exhaustion under Section 3582(c)(1)(A) and is able to produce documentation to support his medical conditions.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 30th day of November, 2020.

*[signature]*

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT