UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 14-00103-01 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| MAZDA RASASY | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Petitioner Mazda Rasasy's ("Rasasy") third Motion for Compassionate Release. See Record Document 131. The Government has opposed Rasasy's motion. See Record Document 133. For the reasons set forth below, Rasasy's Motion for Compassionate Release is hereby **DENIED**.

**BACKGROUND**

On January 20, 2015, Rasasy pled guilty to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. See Record Documents 48 & 50. Rasasy was sentenced on June 10, 2015 to 120 months imprisonment and 4 years supervised release upon release from confinement. See Record Documents 71-73.

On November 30, 2020, the Court denied Rasasy's Motion for Compassionate Release based on jurisdictional grounds. See Record Documents 109-110. Rasasy had not exhausted his administrative remedies within the Bureau of Prisons ("BOP"). See id. On November 2, 2021, the Court denied Rasasy's second Motion for Compassionate Release. See Record Document 129-130. The Court held that even with his medical conditions, there was no extraordinary and compelling reason supporting compassionate release in light of Rasasy's vaccination status. See id. Moreover, the Court reasoned that even if there were extraordinary and compelling reasons for compassionate release,

granting such release in Rasasy's case would not comport with the factors enumerated in Section 3553(a). See id. Rasasy has now once again re-urged his compassionate release motion.

Rasasy is presently serving his sentence at Milan FCI. His projected release date is October 18, 2024.

## LAW AND ANALYSIS

Rasasy again seeks compassionate release due to the same medical conditions raised in his previous motion(s), that is, asthma, hypertension and migraines. See Record Document 131. Rasasy believes COVID-19 poses an imminent health hazard to incarcerated persons because adequate medical care is devoid. See id. at 1.

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S.Ct. 2683, 2690 (2010). Title 18, United States Code, Section 3582(c) provides that the Court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

(1) upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);
(2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or
(3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

In this case, Rasasy moves to modify his sentence pursuant 18 U.S.C. § 3582(c)(1)(A). Under this section, the Court may reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018, only the Director of the BOP could file Section 3582(c)(1)(A) motions, also known as compassionate release motions. In 2018, Congress passed, and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, Section 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. However, before filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

(1) prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or
(2) prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3582(c)(1)(A). There is no dispute that Rasasy has exhausted his administrative remedies and the Court will proceed to the merits.

Subject to considerations of 18 U.S.C. § 3553(a), Section 3582(c)(1)(A) permits a reduction in Rasasy's term of imprisonment if the Court determines that extraordinary and compelling reasons warrant a reduction. The reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Previously, a district court was confined to the policy statements set forth in U.S.S.G. § 1B1.13 to determine whether a compelling reason existed to grant release. However, the Court of Appeals for the Fifth Circuit recently vacated this restricted examination finding that the policy statements contained under U.S.S.G. § 1B1.13 are only binding on the Court when the motion for compassionate release is brought on the prisoner's behalf by the BOP. See U.S. v. Shkambi, No. 20-40543, 2021 WL 1291609, at *3 (5th Cir. 04/07/2021).

The Fifth Circuit instructed that a district court considering a motion for compassionate release brought by the prisoner himself "is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." Id. at *4. Shkambi did not, however, render § 1B1.13 irrelevant with respect to defendant-filed motions under Section 3582(c)(1)(A), as the Fifth Circuit has long recognized that although not dispositive, the commentary to § 1B1.13 informs the district court's analysis as to what reasons may be sufficiently extraordinary and compelling to necessitate compassionate release. See U.S. v. Robinson, No. 3:18-CR-00228-01, 2021 WL 1723542 (W.D. La. 04/30/2021), citing U.S. v. Thompson, 984 F.3d 431, 433 (5th Cir. 2021). While not binding, § 1B1.13 suggests that the following are deemed extraordinary and compelling reasons warranting a sentence reduction: (1) the defendant's medical conditions; (2) the defendant's age; (3) family circumstances; or (4) other reasons. See U.S.S.G. § 1B1.13, cmt. n.1; see also Thompson, 984 F.3d at 433.

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." U.S. v. Stowe, No. H-11-803(1), 2019 WL 4673725 at *2 (S.D. Tex. Sept. 25, 2019); see also U.S. v. Ennis, No. EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release."); U.S. v. Wright, No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute."). In certain instances, the COVID-19 outbreak may affect whether an inmate can show extraordinary and compelling reasons warranting compassionate release under Section 3582(c)(1)(A)(i). If an inmate has a chronic medical condition that has been identified by the Centers for

Disease Control ("CDC") as elevating the inmate's risk of becoming seriously ill from COVID-19, that condition, in light of the pandemic, may rise to the level of "extraordinary and compelling reasons" under Section 3582(c)(1)(a). In other words, some conditions that would not have previously constituted an "extraordinary and compelling reason" now fall into this category because of the risk of COVID-19.

Rasasy again argues his asthma, hypertension, and migraines are extraordinary and compelling reasons for release.  Like Rasasy's assertions, this Court analysis remains unchanged since the last motion for compassionate release.  Rasasy has been fully vaccinated against COVID-19.  Courts have routinely denied compassionate release motions on this ground alone. See United States v. Hanner, No. 1:07-cr-10028-01, 2023 WL 1590009, *3 (W.D. La. Jan. 11, 2023); United States v. Beltran, No. 6:16-4(SSSS)-4, 2021 WL 398491, at *3 (S.D. Tex. Feb. 1, 2021); United States v. Isidachomen, No. 3:16-cr-0240-B-4, 2021 WL 243458, at *3 (N.D. Tex. Jan, 25, 2021).  Thus, even with his medical conditions, there is no extraordinary and compelling reason supporting compassionate release in light of Rasasy's vaccination status.  See generally U.S. v. Robinson, No. 3:18-CR-00228-01, 2021 WL 1723542 (W.D. La. 04/30/2021); U.S. v. Jones, No. 14-154, 2021 WL 1172537 (E.D. La. 03/29/2021); U.S. v. White, No. 11-287, 2021 WL 3021933 (W.D. La. 07/16/2021).

Notwithstanding, even if there were extraordinary and compelling reasons for compassionate release, this Court still believes granting such release in this case would not comport with the factors enumerated in Section 3553(a).  See 18 U.S.C. § 3582(c)(1)(A).  The Presentence Investigation Report demonstrates that Rasasy has a lengthy criminal history involving weapons violations, drug possession, and drug distribution.  See Record Document 59 (PSR) at ¶¶ 40-41, 45-46.  The instant offense

involved a large-scale conspiracy to distribute methamphetamine. See id. at ¶¶ 9-21. Additionally, Rasasy committed the instant offense while on supervised release. See id. at ¶ 48. It remains this Court's belief that a reduced sentence simply would not reflect the seriousness of the offense, would not promote respect for the law, would not afford adequate deterrence to criminal conduct, and would not protect the public from further crimes of this Defendant.

## CONCLUSION

Based on the foregoing reasons, Rasasy's third Motion for Compassionate Release (Record Document 131) be and is hereby **DENIED**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 11th day of April, 2023.

_____
S. Maurice Hicks, Jr.
United States District Judge